Jay E. HARTSELL d/b/a Security Custom Homes, Winner's Circle Partners, Ltd., Countryside Development I, L.P., Countryside Fireside, L.P., Countryside Country Arbor, L.P., and Countryside Emerald Ranch, L.P., Appellants

v.

TOWN OF TALTY, Texas, Appellee.

No. 05–03–00901–CV.

Court of Appeals of Texas, Dallas.

Feb. 20, 2004.

Opinion Overruling Rehearing April 9, 2004.

Arthur J. Anderson, James Richard Schnurr, Winstead, Sechrest & Minick, P.C., Dallas, for appellants.

David Berman, Nichols Jackson Dillard Hager & Smith, LLP, Dallas, for appellee.

Before Justices JAMES, O'NEILL, and FRANCIS.

## OPINION

Opinion By Justice FRANCIS.

Jay E. Hartsell d/b/a Security Custom Homes, Countryside Development I, L.P., Winner's Circle Partners, Ltd., Countryside Fireside, L.P., Countryside Country Arbor, L.P., and Countryside Emerald Ranch, L.P. appeal the trial court's judgment in favor of the Town of Talty, Texas. Appellants are homebuilders and developers. The Town is a general law town in Kaufman County. Finding merit in appellant's second issue on appeal, we reverse the trial court and render judgment that Chapter 245 of the Texas Local Government Code prohibits application of the Town's Ordinance extending its building codes to its extraterritorial jurisdiction to appellants' projects approved before the Ordinance was enacted. We reverse the trial court's award of attorneys' fees to appellee and remand the issue to the trial court for its reconsideration.

The parties stipulated to certain facts. Preliminary plats for certain of appellants' "Additions" located in the Town's extraterritorial jurisdiction were approved by the Town on January 10, 2001, May 23, 2002, June 26, 2002, August 19, 2002, and a date "prior to November 12, 2002." On November 12, 2002, the Town enacted Town Ordinance No. 2002–31, extending its building codes into its extraterritorial jurisdiction, with an effective date of December 1, 2002. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 26 (Tex.2003) ("Extraterritorial jurisdiction refers to 'the unincorporated area that is contiguous to the corporate boundaries of the municipality' and is located within a specified distance of those boundaries, depending upon the number of inhabitants within the municipality."). Appellants concede receiving notice of the Ordinance. Following the adoption of the Ordinance, appellants began construction on single-family residences without first applying for building permits from the Town.

Appellants brought suit and applied for a temporary restraining order and injunction "to restrain and enjoin the Town from taking any action to apply the Ordinance to their construction" in the Town's extraterritorial jurisdiction, and further sought declaratory judgments regarding the application of the Ordinance to their construction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq.* (Vernon 1997 and Supp.2004) (Texas Declaratory Judgments Act). The Town counterclaimed against appellants, requesting a declaratory judgment that the Ordinance "is valid and applies to construction on [Appellants'] properties." The parties submitted all questions of fact and law to the trial judge. On June 11, 2003, the trial judge signed a declaratory judgment "upholding the validity of the Town's ordinance which extends the Town's building codes into the Town's extraterritorial jurisdiction." Appellants were enjoined from commencing or continuing any further construction of structures within the Town's extraterritorial jurisdiction until they complied with the Town's building codes. The trial judge also awarded attorneys' fees to the Town.

In four issues, appellants challenge the judgment and contend (1) as a general law town, the Town had no authority to extend the Ordinance into its extraterritorial jurisdiction; (2) Chapter 245 of the Texas Local Government Code prohibits application of the Ordinance to appellants' pending projects; (3) the Town should be equitably estopped from applying the Ordinance to appellants' projects because appellants detrimentally relied on previous approvals from the Town; and (4) the Town is not entitled to an award of attorneys' fees. We sustain appellants' second and fourth issues.

### CHAPTER 245, LOCAL GOVERNMENT CODE

■ In their second issue, appellants argue Chapter 245 of the Texas Local Government Code prohibits the Town's extension of the building code to appellants' construction in the Town's extraterritorial jurisdiction. *See* TEX. LOCAL GOV'T CODE ANN. § 245.001 *et seq.* (Vernon Supp.2004). The trial court's judgment provides: "The Court further finds that the provisions of Chapter 245 do not apply to prevent the enforcement or application of the Town's ordinance." Because construction of Chapter 245 is a question of law, we do not defer to the trial court's findings. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989) (statutory construction is question of law); *In re E.I. du Pont de Nemours & Co.,* 92 S.W.3d 517, 522 (Tex.2002)(proper construction of statute is legal issue on which trial court's views are not entitled to deference). In construing a statute, our main objective is to ascertain and give effect to the intent of the Legislature. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 892 (Tex.2000). When a statute is clear and unambiguous, we may determine the intent of the Legislature from the plain and ordinary meaning of the words used within the statute.

*Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983).

Section 245.002 provides in part:

(a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the permit is filed.

(b) If a series of permits is required for a project, the orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project. All permits required for the project are considered to be a single series of permits. Preliminary plans and related subdivision plats, site plans, and all other development permits for land covered by the preliminary plans or subdivision plats are considered collectively to be one series of permits for a project.

The Town "recognizes that Appellants possess vested rights in the development of their subdivisions and that the filing of a preliminary plat application triggers the application of Appellants' vested rights." The Town contends that appellants' preliminary plat application is a "project" distinct and separate from the construction of an individual residence within that subdivision. The Town cites the definition of "project" in section 245.001(3) of Chapter 245: " 'Project' means an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor." TEX. LOCAL GOV'T CODE ANN. § 245.001(3) (Vernon Supp.2004).

The Town argues the subdivision "project" involves submission and approval of a preliminary and final plat and the installation of streets and utility infrastructure, while the building "project" involves construction of individual homes. For the Town, the former "project" involves "consideration of the overall community, ... the traffic, the drainage, and the population generated by the proposed subdivision," while the latter "project" involves "determination of compliance with various codes and ordinances that primarily relate to structural integrity and minimal safety requirements." The Town also notes if the "projects" are not considered to be separate, a lot may sit vacant for years, then a builder may construct a home "based on outdated and obsolete building codes."

The Town's interpretation of the term "project" is not supported by the plain language of Chapter 245. Section 245.002(b) contemplates that a "series of permits" may be required "for completion of the project." Under section 245.002(b), "[a]ll permits required for the project are considered to be a single series of permits," and the regulations and ordinances in effect "at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project." Similarly, the definition of "project" contemplates "one or more permits" may be "required to initiate, continue, or complete the endeavor." In discussing a similarly-worded predecessor statute, the Texas Supreme Court explained:

> Generally, the right to develop property is subject to intervening regulations or regulatory changes. *See Connor v. City of University Park,* 142 S.W.2d 706, 709 (Tex.Civ.App.-Dallas 1940, writ ref'd). In adopting sections 481.141–.143 of the Texas Government Code on September 1, 1987, the Texas Legislature signifi-

cantly altered this rule by requiring that *each permit in a series required for a development project be subject to only the regulations in effect at the time of the application for the project's first permit,* and not any intervening regulations. The stated purpose of the statute was to establish requirements relating to the processing and issuance of permits and approvals by governmental regulatory agencies in order to alleviate bureaucratic obstacles to economic development.

*Quick v. City of Austin,* 7 S.W.3d 109, 128 (Tex.1998) (opinion on rehearing)(emphasis added). The Town points to the wording of subsection 245.002(b) in support of its argument that the subdivision "project" and the building "project" are separate. The Town argues the subsection's reference to "preliminary plans and related subdivision plats, site plans, and all other *development* permits" (emphasis by the Town) impliedly excludes building or construction permits. The Town cites no authority for this narrow interpretation. The case relied on by the Town for its authority to enact the Ordinance suggests the opposite. *See City of Lucas v. North Texas Mun. Water Dist.,* 724 S.W.2d 811, 823 (Tex.App.-Dallas 1986, no writ) ("ordinances regulating *development,* such as those specifying design, *construction* and maintenance standards" [emphasis added] may be extended into a city's extraterritorial jurisdiction).

While the Town raises the specter of homes built according to obsolete building codes years after the approval of a plat, no such facts are presented here. The trial judge heard evidence that construction of homes had already begun. Moreover, Chapter 245 addresses this concern in other sections; the Town does not contend these sections apply to this case. *See* TEX. LOCAL GOV'T CODE ANN. §§ 245.004, 245.005

(Vernon Supp.2004)(Chapter 245 does not apply to permits more than two years old for construction of building for human occupation where regulation at issue adopts only uniform building or similar code; regulatory agency may also place expiration dates on permits in certain circumstances). Chapter 245 prohibits application of the Ordinance to appellants' projects approved before the Ordinance was enacted. Appellant's second issue is sustained. Because of our disposition of appellants' second issue, it is not necessary for us to address their first and third issues. *See* TEX.R.APP. P. 47.1.

## ATTORNEYS' FEES

■ In their fourth issue, appellants challenge the trial court's award of attorneys' fees to the Town, and request the attorneys' fees conditionally awarded them in the trial court's judgment. At trial, both parties sought declaratory relief regarding the application of the Ordinance to appellants' construction. The trial judge awarded the Town "its reasonable attorney's fees in the sum of $6,500.00." The judgment also specified additional amounts of attorneys' fees to be awarded in the event of a successful appeal.

■ A trial court "may award costs and reasonable attorney's fees as are equitable and just" in a declaratory judgment proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997). The grant or denial of attorneys' fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing of abuse of discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). A trial court may, in its discretion, award attorneys' fees to the nonprevailing party in a declaratory judgment action. *State Farm Lloyds v. Bo-*

*rum,* 53 S.W.3d 877, 894 (Tex.App.-Dallas 2001, pet. denied).

Appellants do not challenge the reasonableness of the Town's attorneys' fees, or allege the award was not equitable and just. They argue only that fees should not have been awarded because the Town should not have prevailed in the trial court. In *Borum,* when presented with a similar issue, we remanded the cause to the trial court to reconsider its award of attorneys' fees in light of our reversal of the trial court's summary judgment. *See Borum,* 53 S.W.3d at 894–95. We explained:

> Although it is true that a trial court may award attorneys' fees to the nonprevailing party in a declaratory judgment action, the trial court did not do so in this case. Here, the trial court awarded fees to the prevailing party at trial. However, because the record does not reflect the trial court's reasons for its award of fees . . ., there is no evidence to indicate whether the trial court's award of fees would also be equitable and just in light of our opinion in this case. Accordingly, we reverse the portion of the judgment awarding attorneys' fees . . . and remand the issue of attorneys' fees to the trial court for its reconsideration in light of this opinion.

*Borum,* 53 S.W.3d at 894–95. We remand the issue of attorneys' fees to the trial court for its reconsideration in light of this opinion.

We reverse the trial court's judgment and render judgment that Chapter 245 of the Texas Local Government Code prohibits application of the Town's Ordinance to appellants' projects approved before the Ordinance was enacted. We reverse the trial court's award of attorneys' fees to appellee and remand the issue of attorneys' fees to the trial court for reconsideration.

## OPINION ON MOTIONS FOR REHEARING

Appellants and appellee have filed motions for rehearing of this Court's opinion issued February 20, 2004. We deny both motions for rehearing. We issue this opinion solely to clarify our decision regarding the parties' attorneys' fees. To the extent any party has interpreted our opinion to preclude the trial court from considering attorneys' fees to appellants on remand, such an interpretation is incorrect. As explained in our opinion and provided for in our judgment, we remanded the issue of attorneys' fees for reconsideration by the trial court. Thus, on remand, the trial court may "award costs and reasonable attorneys' fees as are equitable and just," to either party, as provided in the declaratory judgments act. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997).