NUMBER 13-01-735-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                           CORPUS
CHRISTI-EDINBURG

 

UNION GAS CORP.,                                                               
         Appellant,

 

                                                             v.

 

EVELYN TITTIZER, ET AL.,                                                            Appellees.

 

                             On
appeal from the 267th District Court   

                                        of
Victoria County, Texas.

 

                   MEMORANDUM
OPINION ON REMAND


 

                     Before
Justices Hinojosa, Rodriguez and Wittig[1]

 

                                  Opinion by Justice Wittig

 








The parties
disputed the amount of royalties owed by Union Gas Corporation to various
landowners under the pooling provisions of multiple oil and gas leases.  The Texas Supreme Court held that this court
was correct in concluding that Tittizer was not entitled to royalties for
production between March 27, 2000 and August 7, 2000.  Tittizer v. Union Gas Corp., 171 S.W.3d
857 (Tex. 2005) (per curiam).  The
supreme court also concluded that Union Gas preserved its issue concerning the
reasonableness of $150,000 in attorney=s fees awarded by
the trial court to Tittizer.  Because we
had concluded otherwise, this cause has been remanded to us solely on the
question of the reasonableness of the attorney=s fees awarded to
Tittizer.

I








Ordinarily we
review an award of attorney fees utilizing an abuse of discretion
standard.  Oake v. Collin County,
692 S.W.2d 454, 455 (Tex.1985).  In a
nonjury trial, where findings of fact and conclusions of law are neither filed
nor timely requested, it is implied that the trial court made all necessary
findings to support its judgment.  Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  We view the evidence in the light most
favorable to the trial court's ruling and indulge every presumption in its
favor.  Phillips & Akers, P.C. v.
Cornwell, 927 S.W.2d 276, 279 (Tex. App.BHouston [1st
Dist.] 1996, no writ).  The Texas Supreme
Court informs us that the factors that a fact finder are to consider when
determining the reasonableness of a fee include the following:  (1) the time and labor required, the novelty
and difficulty of the questions involved, and the skill required to perform the
legal service properly;  (2) the
likelihood that the acceptance of the particular employment will preclude other
employment by the lawyer;  (3) the fee
customarily charged in the locality for similar legal services;  (4) the amount involved and the results
obtained; (5) the time limitations imposed by the client or by the
circumstances;  (6) the nature and length
of the professional relationship with the client; (7) the experience, reputation,
and ability of the lawyer or lawyers performing the services; and (8) whether
the fee is fixed or contingent on results obtained or uncertainty of collection
before the legal services have been rendered.  
Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812,
818 (Tex.1997).

II

The trial court=s judgment recited
that Tittizer was entitled to royalties of $485,042.31 for the disputed period
of March 27, 2000 to August 7, 2000. 
However, both this court and the Supreme Court concluded otherwise.  Tittizer, 171 S.W.3d at 863.   Accordingly, this portion of the judgment
was not a Avalid claim@ upon which to
base the award of attorney=s fees.  Tex.
Civ. Prac. & Rem. Code Ann. '  38.001 (Vernon 1997).  To recover attorney's fees under section
38.001, a party must (1) prevail on a cause of action for which attorney's fees
are recoverable, and (2) recover damages. 
State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437
(Tex.1995).  








At the same time,
Union Gas admitted that it suspended payments lawfully due to Tittizer
beginning in late August 2000 in order to protect itself pending the trial
court=s determination of
the respective royalty rights.[2]  Contrary to this position, the judgment of
the trial court reflects that Union Gas was ordered to pay Tittizer a net unit
royalty of .0241152.  Accordingly, we
hold that this portion of the judgment reflects a valid claim upon which to
base the award of attorney=s fees.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 38.001(8) (Vernon
1997).  Tittizer prevailed on a cause of
action for which attorney=s fees are recoverable and she recovered
damages. See Beaston, 907 S.W.2d at 437.   

III








 We recognize that the trial court has a great
deal of discretion in determining the amount of attorney=s fees.  Oake, 692 S.W.2d at 455. 
Here,
however, it is readily apparent that the trial court based its decision of the
amount of attorney=s fees, at least to some degree, upon a
disallowed claim.  Furthermore,  Tittizer argued  AThis was not an
hourly fee, but a contingent one.@  Because the $485,042.31 royalty claim was
disallowed, any contingency component of the fee would have to be
recalculated.  It is problematic, if not
impossible for this Court to review the determination of how much of the
attorney=s fees awarded are
fair, reasonable and just, and based upon the remaining valid claim(s) under
the circumstances presented.  In the
interests of justice, a remand on the issue of attorney=s fees and costs
to the trial court for its determination is appropriate.  See Tex.
R. App. P. 43.3(b);  Rente Co.
v. Truckers Exp., Inc., 116 S.W.3d 326, 335 (Tex. App.BHouston [14th
Dist.] 2003, no pet.); see also Sava Gumarska in Kemliska Industria D.D. v.
Advanced Polymer Sciences, Inc., 128 S.W.3d 304, 324 (Tex. App.BDallas 2004, no
pet.) (providing for remand of attorney=s fees issue  under Tex.
R. App. P. 44.1(b)); Hartsell v. Town of Talty, 130 S.W.3d 325,
330 (Tex. App.BDallas 2004, pet. denied).

We remand the
issue of reasonable attorney=s fees to be
awarded to Tittizer for redetermination by the trial court.

 

          

 

DON WITTIG

                                                Justice

Memorandum Opinion delivered and filed

this 26th day of January,2006.











[1] 
Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to the
government code.  Tex. Gov=t Code
Ann. ' 74.003 (Vernon 2005).





[2] 
This statement may be found in appellant=s brief before us at page 10.