NUMBER 13-01-735-CV

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                          CORPUS CHRISTI - EDINBURG

 

UNION
GAS CORPORATION,                                                          
 Appellant,

 

                                                             v.

 

EVELYN TITTIZER, ET AL.,                                                            Appellees.

 

 

                             On appeal from
the 267th District Court   

                                        of Victoria County, Texas.

 

                  MEMORANDUM OPINION ON REMAND[1] 

 

                     Before Justices Hinojosa,
Rodriguez and Wittig[2]

               Memorandum Opinion on Remand by
Justice Wittig

 








The parties
disputed the amount of royalties owed by Union Gas Corporation to various
landowners under the pooling provisions of multiple oil and gas leases.  The Texas Supreme Court held that this court
was correct in concluding that Tittizer was not entitled to royalties for
production between March 27, 2000 and August 7, 2000.  Tittizer v. Union Gas Corp., 171 S.W.3d
857, 861 (Tex. 2005) (per curiam).  The
supreme court also concluded that Union Gas preserved its issue concerning the
reasonableness of $150,000 in attorney=s fees awarded by the trial court to Tittizer.  Because we had concluded otherwise, this
cause has been remanded to us solely on the question of the reasonableness of
the attorney=s fees awarded to Tittizer.

I








Ordinarily we
review an award of attorney fees utilizing an abuse of discretion
standard.  Oake v. Collin County,
692 S.W.2d 454, 455 (Tex.1985).  In a
nonjury trial, where findings of fact and conclusions of law are neither filed
nor timely requested, it is implied that the trial court made all necessary
findings to support its judgment.  Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).  We view the evidence in the light most
favorable to the trial court's ruling and indulge every presumption in its
favor.  Phillips & Akers, P.C. v.
Cornwell, 927 S.W.2d 276, 279 (Tex. App.BHouston
[1st Dist.] 1996, no writ).  The Texas
Supreme Court informs us that the factors that a fact finder are to consider
when determining the reasonableness of a fee include the following:  (1) the time and labor required, the novelty
and difficulty of the questions involved, and the skill required to perform the
legal service properly;  (2) the
likelihood that the acceptance of the particular employment will preclude other
employment by the lawyer;  (3) the fee
customarily charged in the locality for similar legal services;  (4) the amount involved and the results
obtained; (5) the time limitations imposed by the client or by the
circumstances;  (6) the nature and length
of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.   Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex.1997).

II

The trial court=s judgment recited that Tittizer was entitled to
royalties for the disputed period of March 27, 2000 to August 7, 2000.  However, both this court and the Supreme
Court concluded otherwise.  Tittizer,
171 S.W.3d at 863.   Accordingly, this
portion of the judgment was not a Avalid claim@ upon which to base the award of attorney=s fees.  Tex. Civ. Prac. & Rem. Code Ann. '  38.001
(Vernon 1997).  To recover attorney's
fees under section 38.001, a party must (1) prevail on a cause of action for
which attorney's fees are recoverable, and (2) recover damages.  State Farm Life Ins. Co. v. Beaston, 907
S.W.2d 430, 437 (Tex.1995).  

At the same time,
Union Gas admitted that it suspended payments lawfully due to Tittizer
beginning in late August 2000 in order to protect itself pending the trial
court=s determination of the respective royalty rights.[3]  Contrary to this position, the judgment of
the trial court reflects that Union Gas was ordered to pay Tittizer a net unit
royalty of .0241152.  Accordingly, we
hold that this portion of the judgment reflects a valid claim upon which to
base the award of attorney=s fees.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 38.001(8) (Vernon 1997).  Tittizer prevailed on a cause of action for
which attorney=s fees are recoverable and she recovered damages. See
Beaston, 907 S.W.2d at 437.   

 








III

 We recognize that the trial court has a great
deal of discretion in determining the amount of attorney=s fees.  Oake,
692 S.W.2d at 455.  Here, however, it is
readily apparent that the trial court based its decision of the amount of
attorney=s fees, at least to some degree, upon a disallowed
claim.  Furthermore,  Tittizer argued  AThis was not an hourly fee, but a contingent one.@  Because part
of the royalty claim was disallowed, any contingency component of the fee would
have to be recalculated.  It is
problematic, if not impossible for this Court to review the determination of
how much of the attorney=s fees awarded are fair, reasonable and just, and
based upon the remaining valid claim(s) under the circumstances presented.  In the interests of justice, a remand on the
issue of attorney=s fees and costs to the trial court for its
determination is appropriate.  See
Tex. R. App. P. 43.3(b);  Rente Co. v. Truckers Exp., Inc., 116
S.W.3d 326, 335 (Tex. App.BHouston [14th Dist.] 2003, no pet.); see also
Sava Gumarska in Kemliska Industria D.D. v. Advanced Polymer Sciences, Inc.,
128 S.W.3d 304, 324 (Tex. App.BDallas 2004, no pet.) (providing for remand of
attorney=s fees issue 
under Tex. R. App. P.
44.1(b)); Hartsell v. Town of Talty, 130 S.W.3d 325, 330 (Tex. App.BDallas 2004, pet. denied).








We remand the
issue of reasonable attorney=s fees to be awarded to Tittizer for redetermination
by the trial court.  The trial court
should also re‑calculate the correct amount of past  royalties due from August 7, 2000 through
April 30, 2001, in the event the parties fail to enter into a stipulation as to
the correct amount.[4]  The judgment shall then be reformed in
accordance with this opinion and the Texas Supreme Court's holding in Tittizer
v. Union Gas Corp., 171 S.W.3d. 857 (Tex. 2005) (per curiam).  

 

DON WITTIG

                                                            Justice

Memorandum Opinion on Remand delivered 

and filed this 11th day of May, 2006.











[1] We withdraw our opinion of January
26, 2006, and substitute the following.





[2] 
Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to the
government code.  Tex. Gov=t Code
Ann. ' 74.003 (Vernon 2005).





[3] 
This statement may be found in appellant=s brief before us at page 10.





[4] The trial court=s judgment reflected royalties due
in the amount of $485,042.31 through April 30, 2001.  However, the portion accruing between March
27, 2000, and August 7, 2000, has been disallowed leaving any unpaid portion
that may still be due between August 8, 2000, and April 30, 2001.