COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-340-CV

 

 

RHINO REAL ESTATE INVESTMENTS,                                   APPELLANTS

INC. AND THE RHINO GROUP,
L.P.

 

                                                   V.

 

CITY OF RUNAWAY BAY, TEXAS                                             APPELLEE

 

                                              ------------

 

              FROM THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION








The primary issue we address in this appeal is
whether Appellee City of Runaway Bay, Texas (City) has extended the building
permit requirements it adopted in Ordinance 251 to its extraterritorial
jurisdiction (ETJ).  Because we hold that
it has not, we will reverse the trial court=s
judgment to the contrary, and we will reverse the trial court=s award
of attorney=s fees to the City and remand
that issue to the trial court for its reconsideration.

                           II.  PROCEDURAL AND BACKGROUND FACTS








The City is a general law town.  Appellants Rhino Real Estate Investments,
Inc. and the Rhino Group, L.P. (collectively referred to as ARhino@) own
twelve lots located within the City=s
ETJ.  The plats for these lots were
approved before Rhino purchased them and before the City was incorporated in
1979 or 1980.  The City sued Rhino,
seeking a temporary restraining order, temporary injunction, and permanent
injunction requiring Rhino to comply with the City=s
building permit requirements before building homes on these twelve lots.  Pursuant to local government code section
212.002,[2]
the City adopted Ordinance 251 providing for subdivision regulation within the
City=s
municipal limits.[3]  The City claimed in its suit that it was
authorized by local government code section 212.003 to extend the application
of Ordinance 251 to its ETJ and that it did so via Ordinance 430, adopted on
September 19, 2006.[4]  Thus, the City=s suit
for temporary restraining order, temporary injunction, and permanent injunction
sought to enforce Ordinances 251 and 430 by enjoining Rhino from violating
these Ordinances; the City claimed that Rhino was required to obtain building
permits, pay inspection fees, and meet other requirements of Ordinance 251
before building homes on its twelve lots located in the City=s ETJ. 








The trial court signed an order granting the City=s
request for a temporary restraining order. 
Rhino filed an answer and a counterclaim for declaratory relief,
alleging in part that the platting of Rhino=s lots
was completed prior to the adoption of Ordinance 430 on September 19, 2006, and
that, consequently, chapter 245 of the local government code prohibited
application of Ordinance 430 to Rhino=s
projects.

Eventually, the parties entered into a AJoint
Final Pre-Trial Order@ stipulating to certain
uncontested facts.  The case proceeded to
a bench trial on the contested facts. 
The trial court signed a final judgment granting a declaratory judgment
for the City that Ordinances 251 and 430 applied to subdivisions within the
City=s ETJ
and required building permits, inspections, approvals, and payment of related
fees for development of property in the City=s ETJ
and that Rhino=s actions in developing the
twelve lots at issue without complying with Ordinances 251 and 430 violated the
City=s
ordinances. The final judgment permanently enjoined Rhino from developing the
lots at issue in a manner in violation of Ordinances 251 and 430 and awarded
the City $35,801.00 in attorney=s fees
pursuant to the declaratory judgment act. See Tex. Civ. Prac. & Rem.
Code Ann. ' 37.009 (Vernon 2008).  The judgment provided that Rhino take nothing
on its counterclaim.

Rhino perfected this appeal.








                              III.
NO ORDINANCE EXISTS EXTENDING

                     APPLICATION OF ORDINANCE 251 TO THE CITY=S ETJ

 

In its third issue, Rhino argues that the trial
court=s
judgment is erroneous because it orders Rhino to obtain building permits and to
comply with Ordinance 251 when A[t]he
City introduced no evidence that its city council enacted an ordinance
expressly extending its building code to new structures in its ETJ.@  The City argues in this appeal, as it did in
the trial court, that the City (1) was authorized by local government code
section 212.002 to adopt regulations requiring building permits and applicable
inspections for subdivision development and that it had adopted such
regulations via Ordinance 251, and (2) was authorized by local government code
section 212.003 to extend the application of Ordinance 251 to its ETJ and that
it did so via Ordinance 430.

Section 212.002 of the local government code
provides that,

After a public hearing on
the matter, the governing body of a municipality may adopt rules governing
plats and subdivisions of land within the municipality=s jurisdiction to promote
the health, safety, morals, or general welfare of the municipality and the
safe, orderly, and healthful development of the municipality. 

 








Tex. Loc. Gov=t Code Ann. '
212.002.  And section 212.003, titled AExtension
of Rules to Extraterritorial Jurisdiction,@
provides in pertinent part that the governing body of a municipality by
ordinance may extend to the extraterritorial jurisdiction of the municipality
the application of municipal ordinances adopted under Section 212.002.  Id. '
212.003.

Thus, even assuming the City=s
argument that it possesses authority under section 212.002 to extend building
code ordinances to its ETJ (which Rhino disputes, but we need not decide
because of our disposition of Rhino=s third
issue), the City must do so by ordinance as set forth in section 212.003.  See id.; City of Austin v. Jamail,
662 S.W.2d 779, 782 (Tex. App.CAustin
1983, writ dism=d) (recognizing municipality
must have specific statutory authority to enforce ordinances in the
municipality=s ETJ).  The City claims it did extend application of
Ordinance 251=s building code requirements to
its ETJ by enacting Ordinance 430.

Ordinance 430 provides, in pertinent part:

AN ORDINANCE OF THE CITY
OF RUNAWAY BAY, TEXAS AMENDING APPENDIX 1, SECTION 26.00 OF THE CODE OF
ORDINANCES TO PROVIDING FOR BUILDING PERMIT FEES FOR PROPERTIES LOCATED IN THE
CITY LIMITS AND THE EXTRA TERRITORIAL JURISDICTION OF THE CITY . . . .

 

BE IT ORDAINED BY THE
CITY COUNCIL OF THE CITY OF RUNAWAY BAY, TEXAS:

 

SECTION 1: That Appendix 1, Section 26.00 of the Code of Ordinance Building
Department shall read:

 

ADD: (A).








Building permits fees for properties located inside the city limits
and outside the city limits (extra territorial jurisdiction) are due with
the building permit application and are as follows:

 

(1).   Living
areas . . . . . . . . . . . .$.60 per square feet.

 

(2).   Inspection
Fees . . . . . .. . .. $.60 per square feet.

 

[Italics added.]  The City
claims that the italicized language above, i.e., that A[b]uilding
permits fees for properties located . . . outside the city limits (extra
territorial jurisdiction) are due with the building permit application,@
satisfies local government code section 212.003=s
requirement that an ordinance be enacted to extend application of any municipal
ordinance adopted under section 212.002 to the City=s
ETJ.  See Tex. Loc. Gov=t Code
Ann. '
212.003.  The City argues that this one
sentence makes all of the provisions of the forty-eight-page Ordinance 251
applicable to the City=s ETJ. 








AMunicipal ordinances are
interpreted by the same rules of construction that apply to statutes.@  Bd. of Adjustment v. Wende, 92 S.W.3d
424, 430 (Tex. 2002); Howeth Invs., Inc. v. City of Hedwig Village, 259
S.W.3d 877, 904B05 (Tex. App.CHouston
[1st Dist.] 2008, pet. denied) (citing SWZ, Inc. v. Bd. of Adjustment of
City of Fort Worth, 985 S.W.2d 268, 270 (Tex. App.CFort
Worth 1999, pet. denied)).  Statutory
interpretation is a question of law. 
Howeth Invs., Inc., 259 S.W.3d at 904B05.  When the construction of municipal ordinances
is involved, as when statutory construction is involved, our primary duty is to
carry out the intentions of the municipality=s
legislative body.  Bolton v. Sparks,
362 S.W.2d 946, 951 (Tex. 1962); City of Dallas v. Blanton, 200 S.W.3d
266, 277 (Tex. App.CDallas 2006, no pet.).  In carrying out this duty, we look first to
the plain meaning of the words.  Wende,
92 S.W.3d at 430.   If the language is
unambiguous, we interpret the ordinance using its plain language unless that
interpretation leads to absurd results.  See
Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,
145 S.W.3d 170, 177 (Tex. 2004).

We begin by noting that Ordinance 251 by its
express terms applies only to subdivisions within the City that are Acreated
after the final approval of this document@; that
is, after March 16, 1999.  Runaway Bay,
Tex., Ordinance 251 (1999).  Rhino=s twelve
lots are not within the City and were not created after March 16, 1999.  Thus, it is undisputed that Ordinance 251
does not apply to Rhino=s lots unless, as the City
contends, Ordinance 430 extended application of Ordinance 251 to the City=s ETJ.








Turning to Ordinance 430, it does not expressly
amend or reference Ordinance 251. 
Runaway Bay, Tex., Ordinance 430
(2006).  Ordinance 430 by its terms
amends Appendix 1, Section 26.00 of the Code of Ordinance Building Department.  Id. 
Neither the Code of Ordinance Building Department nor Appendix 1 was
admitted into evidence at trial, nor were they included in our record on
appeal.  Thus, the actual document that
Ordinance 430 by its terms was enacted to amend was not before the trial court
and is not before us.

Giving the words of Ordinance 430 their plain
meaning, the ordinance simply amends appendix 1, section 26.00 of the code of
ordinances to set a fee for building permits and inspections in the City=s
ETJ.  Imposing a requirement for a Abuilding
permit fee@ in the City=s ETJ
does not seem in anyway to equate to the adoption of an entire building code in
the City=s
ETJ.  Accord City of Coppell v. Gen.
Homes Corp., 763 S.W.2d 448, 452, 454 (Tex. App.CDallas
1988, writ denied) (ruling on claim that city Anever
passed any ordinances authorizing [it] to assess or collect the disputed fees@ by
reviewing ordinances relied upon by city and holding that ordinances relied
upon by city did not in fact authorize city to collect water tapping
fees).  Nothing in the plain language of
Ordinance 430 purports to extend the City=s
building code to its ETJ.  See
Tex. Gov=t Code
Ann. ' 311.011
(Vernon 2005) (providing that in construing a statuteCor here,
an ordinanceCwords are to be given their
common meaning); City of Coppell, 763 S.W.2d at 448.








Additionally, the preamble to Ordinance 430
expressly states that the purpose of the ordinance is Aproviding
for building permit fees for properties located in the city limits and the
extra territorial jurisdiction of the city,@ not to
extend the building code in its entirety to the City=s
ETJ.  Runaway Bay, Tex., Ordinance 430. 
In construing Ordinance 430, we are authorized to consider the object
sought to be obtained and the preamble, and they do not support the City=s
contention that Ordinance 430 extended the building code to its ETJ.  See Tex. Gov=t Code
Ann. '
311.023.

In short, based on the record before us, we hold
that Ordinance 430 does not extend the application of the City=s
building code to its ETJ.  We sustain
Rhino=s third
issue. 

                                       IV.  ATTORNEY=s FEES

In their fourth issue, Rhino conditionally
challenges the award of trial and appellate attorney=s fees
to the City; Rhino claims that if we reverse the trial court=s
judgment, then we remand the issue of attorney=s fees
to the trial court. Rhino makes no other challenge to the trial court=s
attorney=s fees
award.








Both Rhino and the City sought a declaratory
judgment in the trial court.  A trial
court may award costs and reasonable attorney=s fees
as are equitable and just in a declaratory judgment proceeding.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 37.009
(Vernon 2008).  Although a trial court
possesses discretion in a declaratory judgment action to award attorney=s fees
to the nonprevailing party, when, as here, it awards attorney=s fees
to the prevailing party in a declaratory judgment action, and we reverse the
trial court=s declaratory judgment, we are
required to remand the attorney=s fees
issue to the trial court for its reconsideration in light of our reversal.  See Hartsell v. Town of Talty, 130
S.W.3d 325, 329 (Tex. App.CDallas
2004, pet. denied).  We sustain Rhino=s fourth
issue.

                                          V.  CONCLUSION

Having sustained Rhino=s third
issue, we reverse the trial court=s
declaratory judgment for the City.  Based
on our disposition of this issue, it is not necessary for us to reach Rhino=s first
or second issues.  See Tex. R.
App. P. 47.1.  Having sustained Rhino=s fourth
issue, we remand the issue of attorney=s fees
to the trial court for its reconsideration. 

 

SUE
WALKER

JUSTICE

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  July 23, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Local Gov=t Code Ann. ' 212.002 (Vernon 2008).





[3]Ordinance 251 consists of
forty-eight pages.  It contains
provisions for subdividing land; filing preliminary and final plats and plans;
and designing streets and alleys, storm sewers, sanitary sewers, water mains,
and utility services.  Interestingly,
Ordinance 251, at least the copy contained in our record, contains no
provisions dealing with the construction of buildings, but because neither
party disputes that Ordinance 251 is the City=s building code, we do
not address this issue.  Runaway Bay,
Tex., Ordinance 251 (1999).





[4]The City makes these same
arguments on appeal.  Rhino points out,
however, that subchapter A of local government code chapter 212 is titled ARegulation of
Subdivisions@ and that section 212.002
is set forth in subchapter A. 
Consequently, Rhino argues that Athis subchapter says nothing about building in
general or permits in specific@ and does not confer authority on the City to
extend its building code as opposed to Arules governing plats and
subdivisions@ to its ETJ, especially
in light of section 212.049 (set forth in subchapter B), which provides that Athis subchapter does not
authorize the municipality to require municipal building permits or otherwise
enforce the municipality=s building code in its
[ETJ].@  See Tex. Local Gov=t Code Ann. ' 212.049; see
also Milestone Potranco Dev., Ltd. v. City of San Antonio, No.
04-08-00479-CV, 2009 WL 1471881, at *1B3 (Tex. App.CSan Antonio May 27, 2009, no pet. h.)
(recognizing city had extended application of ATree Ordinance@Cthat was related to rules
governing plats and subdivisionsCto its ETJ). 
Based on our disposition of Rhino=s third issue, however, we need not address this
argument by Rhino.  See Tex. R.
App. P. 47.1.  That is, regardless of
whether or not the City has authority to extend the application of its building
code to its ETJ, Ordinance 430 did not do that here.