**AFFIRMED and Opinion Filed October 23, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00917-CV**

**IN RE ESTATE OF WILLIE EARL ALEXANDER, DECEASED**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 22P-338-2**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Wright[1]
Opinion by Justice Wright

Appellant Shirley Alexander Mays appeals the trial court's declaratory judgment construing the terms of Willie Earl Alexander's will and award of attorney's fees to appellee Arnita Walker. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Willie Earl Alexander died on October 21, 2022 and left a will that both parties agree is unambiguous. Nonetheless, the parties disagree as to the meaning of the following provision:

> I give, devise and bequeath all of my estate of whatsoever kind and wheresoever situated to my surviving siblings and shall take per stirpes; however, if a sibling of mine shall not then survive me, but should leave

---
[1] The Hon. Carolyn Wright, Justice, Assigned

> issue then surviving me, such then surviving issue shall take per stirpes, the share that such deceased sibling would have taken by surviving me. My surviving siblings at the time of this Will are as follows: Myrtle Jean Alexander, David Alexander, Shirley Alexander Mays, and Helen Alexander Williams. My siblings not then surviving me at the time of this Will are as follows: Young Alexander, Jr., Naomi Alexander, and Jone Alexander.

Appellant contends this language can only mean that the four siblings identified as "surviving siblings" are devisees under the will. We disagree.

In construing a will, our focus is on the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). We ascertain this intent from the language found within the four corners of the will. *Id.* (citing *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980)). In order to determine a testator's intent, the will must be construed as a whole, so as to give effect to every part of it. *Gee v. Read*, 606 S.W.2d 677, 680 (Tex. 1980). "[W]hen a will is unambiguous, we must enforce its terms as written and cannot reinterpret them based on interpretive aids or canons of construction." *In re Estate of Hunt*, 597 S.W.3d 912, 916 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (citing *Pickelner v. Adler*, 229 S.W.3d 516, 531 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)); *see also Brooking v. McCutchen*, 135 S.W.2d 197, 199 (Tex. Civ. App.—Dallas 1939, no writ) ("Where the language of the will is plain and unambiguous, the court cannot give it a meaning different from that warranted by its words merely for the purpose of carrying into effect a conjecture or hypothesis as to the testator's intention by changing such language.").

"When, however, the law confers a technical legal meaning on a word, we ordinarily presume the testator intended this usage unless the will indicates otherwise." *In re Estate of Hunt*, 597 S.W.3d at 916. Absent ambiguity, the construction of a will is a matter of law. *Penland v. Agnich*, 940 S.W.2d 324, 326 (Tex. App.—Dallas 1997, writ denied). Accordingly, we review questions of will construction de novo. *In re Estate of Heider*, 496 S.W.3d 118, 121–22 (Tex. App.—Dallas 2016, no pet.).

The plain language of Mr. Alexander's will states that "if a sibling . . . shall not then survive me, but should leave issue then surviving me, such then surviving issue shall take per stirpes" the share that the deceased sibling would have received if they had survived. As an initial matter, the term "issue," as it is used in this context, has been used by Texas courts for over 150 years and unambiguously refers to children. *See Hartwell v. Jackson*, 7 Tex. 576, 577 & 579 (1852); *see also Estes v. Estes*, 255 S.W. 649, 649 (Tex. Civ. App.—Dallas 1923), *aff'd*, 267 S.W. 709 (Tex. 1924); *Hagaman v. Morgan*, 886 S.W.2d 398, 402 (Tex. App.—Dallas 1994, writ denied) ("Terms such as 'issue' or 'bodily issue' generally refer to those born by blood."). Thus, the clause at issue— "if a sibling of mine shall not then survive me, but should leave issue then surviving me, such then surviving issue shall take per stirpes"—unambiguously refers to the surviving children of Mr. Alexander's deceased siblings without resorting to canons of construction.

Despite this clear meaning, appellant contends "the Will plainly devises the Decedent's estate to his siblings that were alive at the time the Will was executed" because the will "specifically states that the Decedent's 'surviving siblings' are devisees." Although we agree that Mr. Alexander's surviving siblings are devisees under the will, there is no basis for appellant's contention that they are the only devisees. *See Gee*, 606 S.W.2d at 680; *see also In re Estate of Hunt*, 597 S.W.3d at 916.

Appellant also argues that "If the Decedent had intended for all his siblings to be devisees, he could have simply used the word 'siblings' to describe the devisees." Appellant cites no evidence in the record to support her contention that appellees argued—or the trial court concluded—that Mr. Alexander's deceased siblings stand to inherit anything under the will. *See* TEX. R. APP. P. 38.1(g) & (i). Instead, the record clearly shows that his deceased siblings predeceased him. Therefore, Mr. Alexander's devise to his deceased siblings lapsed. *See devise (lapsed)*, BLACK'S LAW DICTIONARY (8th ed. 2004) ("A devise that fails because the devisor outlives the named recipient.").

"A lapsed testamentary gift will pass by intestate succession unless the will contains a general residuary clause or provides for a substitute devisee or legatee." *Najvar v. Vasek*, 564 S.W.2d 202, 208 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (citing *Bittner v. Bittner*, 45 S.W.2d 148, 152 (Tex. Comm'n App. 1932)). Here, the will provides for a substitute devisee—the issue of Mr. Alexander's

deceased siblings. Thus, the plain language of the will provides that Mr. Alexander's deceased-siblings' children inherit under the will and we decline appellant's invitation to rewrite it to say otherwise. *See Gee*, 606 S.W.2d at 680; *see also In re Estate of Etheridge*, 594 S.W.3d 611, 615 (Tex. App.—Eastland 2019, no pet.) ("[W]e must presume that the testator placed nothing meaningless or superfluous in the will and intended every word to have a meaning and to play a part in the disposition of the property.").

In her second issue, appellant argues we should reverse the trial court's award of attorney's fees because it erroneously construed the will in appellee's favor. Appellee's live pleading requested attorney's fees pursuant to Texas Civil Practice and Remedies Code section 37.009. *See* TEX. CIV. PRAC. & REM. CODE § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and we will not reverse its judgment on appeal absent a clear showing of abuse of discretion. *Hartsell v. Town of Talty*, 130 S.W.3d 325, 329 (Tex. App.—Dallas 2004, pet. denied). We have already concluded that the trial court did not err when it construed Mr. Alexander's will. Thus, under the circumstances, we cannot conclude that appellant has met her burden to prove that the trial court abused its discretion when it awarded attorney's fees to appellee. *See id.*

Having overruled appellant's two issues on appeal, we affirm the judgment of the trial court.

230917f.p05

/Carolyn Wright/

CAROLYN WRIGHT
JUSTICE, ASSIGNED



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF WILLIE EARL
ALEXANDER, DECEASED

No. 05-23-00917-CV

On Appeal from the County Court at
Law No. 2, Kaufman County, Texas
Trial Court Cause No. 22P-338-2.
Opinion delivered by Justice Wright.
Justices Reichek and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Arnita Walker recover her costs of this appeal from appellant Shirley Alexander Mays.

Judgment entered this 23rd day of October, 2024.