**Reverse and Remand; Opinion Filed June 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00436-CV

## IN RE ESTATE OF REBECCA LYNN HEIDER, DECEASED

**On Appeal from the Collin County Probate Court**
**Collin County, Texas**
**Probate Court Cause No. PB1-1074-2010**

## OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Lang

This is an appeal from the probate court's order construing the will of the decedent, Rebecca Lynn Heider. Kenneth Irwin Heider, appellant, is the surviving spouse of the decedent. Daniel O'Brien, appellee, is the son of the decedent, but not the son of Heider. This appeal concerns a dispute over whether a specific bequest of real property to O'Brien should be distributed while it is encumbered by a debt secured by that real property or whether that real property should be conveyed free and clear of some or all of that secured debt.

Heider raises six issues: (1) the probate court erred in holding that the 7.801-acre tract of land should pass to O'Brien without being burdened by a debt payable to First National Bank of Trenton; (2) the probate court erred in requiring the depletion of unsecured assets in the estate prior to determining the amount of debt to pass with the 7.801-acre tract of land devised to O'Brien; (3) there was insufficient evidence to support the calculation of O'Brien's portion of the debt to be 26 percent of the debt; (4) the probate court's apportionment of only 26 percent of

the debt to O'Brien is against the great weight and preponderance of the evidence; (5) the probate court failed to file its findings of fact and conclusions of law despite proper notice and reminder by Heider; (6) Heider is entitled to a new trial according to Texas Rule of Appellate Procedure 34.6(f) because the "recording" is incomplete. We reverse the probate court's order and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL CONTEXT

Rebecca Lynn Heider died on December 4, 2010. Her last will, executed on July 20, 2010, named her husband, Heider, to serve as independent executor without bond or other security. On January 5, 2011, the will was admitted to probate and Heider was issued letters testamentary.

At the time of her death, the decedent owned a tract of land of approximately 23 acres in Farmersville, Texas. In 2006, Heider constructed a fence on the tract that ran from north to south dividing the property into a 15.218-acre tract of land on the west side of the fence and a 7.801-acre tract of land on the east side.

The will devised the 7.801-acre tract of land in Farmersville "east of existing North-South fence line" to O'Brien, stating in section III, B, "I give, devise and bequeath . . . the section of land in Farmersville east of existing North-South fence line (if not sold); to my son Daniel Gary O'Brien." The 15.218-acre tract of land on the west side of the fence was devised to Heider as part of the residuary estate. That portion of the will states, "If my husband, Kenneth Irwin Heider, survives me, I give, devise and bequeath all of my estate of whatsoever kind and wheresoever situated [sic] –other than the property listed in Subsections 'A' and 'B' above-to my husband, Kenneth Irwin Heider."

In 2007, the decedent executed a promissory note payable to First National Bank of Trenton for a loan of $81,000 that was secured by a lien against the 23-acre tract. The proceeds

from the First National Bank of Trenton loan were used to pay a preexisting debt secured by a lien against the 23-acre tract. Heider owned no interest in the 23-acre tract when the decedent executed the promissory note payable to First National Bank of Trenton, was not named as an obligor on the promissory note, and did not sign the note. However, both Heider and the decedent signed the deed of trust.[1] The decedent owed $74,320.09 on the promissory note when she died.

After the will was admitted to probate, a dispute arose between Heider and O'Brien as to whether the 7.801-acre tract of land devised to O'Brien should pass to him subject to a portion of the outstanding debt payable to the First National Bank of Trenton that is secured by the entire 23-acre tract. Accordingly, Heider filed an application for declaratory relief. Heider contended in his application that "[O'Brien] [should] receive a proportionate share of the debt upon conveyance of the property left to him and the terms of his mother's will [sic]." Finally, Heider sought reimbursement from O'Brien for one-third of "the costs associated with the appraisals, surveys, ad valorem taxes and interest payments to First National Bank of Trenton, in the interim period," along with attorney's fees and court costs. O'Brien filed a general denial answer. Heider's application for declaratory relief was tried to the court.

The probate court signed an order on January 31, 2014 construing the will, and denying, in part, the relief requested by Heider.[2] Heider timely appealed.

---

[1] Under Texas homestead law, lack of a spouse's signature on a document purporting to create a lien against a homestead renders the lien invalid, even if the non-signing spouse is not an owner of property. *Denmon v. Atlas Leasing, L.L.C.*, 285 S.W.3d 591, 595 (Tex. App.—Dallas 2009, no pet.).

[2] That order states, in part:

1. It was the intention of Rebecca Lynn Heider in the Will dated July 20, 2010, that the real property bequeathed to Daniel Gary O'Brien . . . would encompass the property lying east of the North-South fence line, notwithstanding that the fence line turns substantially to the east after running more-or less north to south for approximately 682 feet.
2. It was the intention of Rebecca Lynn Heider . . . that the real property bequeathed to Daniel Gary O'Brien . . . and the real property bequeathed to Kenneth Irwin Heider . . . *pass clear of all liens* securing an indebtedness on such real property *to the extend* [sic] *that the assets of the Estate would allow.*
3. The lien securing indebtedness on the real property was $74,000.00 at the time of passing.
4. The unsecured assets of the Estate had a value of $46,000.00 at the time of passing.
5. Kenneth Irwin Heider is entitled to reimbursement for payment of $2,200.00 in funeral expenses, leaving $43,800.00 in unsecured assets of the Estate;
6. The unsecured assets of $43,800.00 are to be applied to *partially* discharge the liens against the real property.

## II. STANDARDS OF REVIEW

In construing a will, our focus is on the testatrix's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). This intent is ascertained from the language found within the four corners of the will. *Id.* (citing *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980)). "If the will is unambiguous, a court should not go beyond specific terms in search of the testatrix's intent." *Id.* We focus not on "what the testatrix intended to write, but the meaning of the words she actually used." *Id.* (quoting *Rekdahl v. Long*, 417 S.W.2d 387, 389 (Tex. 1967)). When there is no dispute about the meaning of words used in a will, extrinsic evidence will not be received to show that the testatrix intended something outside of the words used. *Id.* (citing *Lehman v. Corpus Christi Nat'l Bank*, 668 S.W.2d 687, 688 (Tex. 1984)). "Courts must not redraft wills to vary or add provisions 'under the guise of construction of the language of the will' to reach a presumed intent." *Id.* (quoting *Stahl*, 610 S.W.2d at 151). We construe a will as a whole, giving effect to all its parts. *Gee v. Read*, 606 S.W.2d 677, 680 (Tex. 1980). Absent ambiguity, the construction of a will is a matter of law. *Penland v. Agnich*, 940 S.W.2d 324, 326 (Tex. App.—Dallas 1997, no writ). Accordingly, we review questions of will construction de novo. *See Harris v. Hines*, 137 S.W.3d 898, 904 (Tex. App.—Texarkana 2004, no pet.).f

---

7. After application of $43,800.00 toward the liens of $74,000.00, the sum of $30,200.00 remains as a lien against the real property.
8. The survey and appraisal of the property have a value of $780.00 to Daniel Gary O'Brien.
9. Daniel Gary O'Brien is liable for 26 percent of the remaining lien against the real property, $7,852.00, plus $780.00 for the value of the survey and appraisal, for a total of $8,632.00.
10. Daniel Gary O'Brien takes the real property bequeathed to him in the Will subject to an indebtedness of $8,632.00.

(emphasis in original).

### III. O'BRIEN'S BEQUEST

We address issues one and two together. Heider's first two issues assert (1) the probate court erred in holding that the 7.801-acre tract of land should pass to O'Brien without encumbrance by the debt payable to First National Bank of Trenton; and (2) the probate court erred in requiring the depletion of unsecured assets in the estate of Rebecca Lynn Heider prior to determining the amount of debt to burden the 7.801-acre tract of land devised to O'Brien.

### A. Applicable Law

Section 255.301 of the Estates Code states the following: "Except as provided by Section 255.302, a specific devise passes to the devisee subject to each debt secured by the property that exists on the date of the testator's death, and the devisee is not entitled to exoneration from the testator's estate for payment of the debt." TEX. EST. CODE ANN. § 255.301 (West 2014) (previously cited as TEX. PROB. CODE § 71A(a)). Section 255.302, which contains the only exception to Section 255.301, provides:

> A specific devise does not pass to the devisee subject to a debt described by Section 255.301 if the will in which the devise is made specifically states that the devise passes without being subject to the debt. A general provision in the will stating that debts are to be paid is not a specific statement for purposes of this section.

*Id.* § 255.302 (previously cited as TEX. PROB. CODE § 71A(b)).

In construing a statute, a reviewing court should determine and give effect to the legislature's intent. *Learners Online, Inc. v. Dallas Indep. Sch. Dist.*, 333 S.W.3d 636, 641 (Tex. App.—Dallas 2009, no pet.). If the statutory language is unambiguous, a reviewing court adopts, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *Id.* When we interpret a statute enacted by the Legislature, we read "words and phrases" in context and construe them according to the rules of grammar and common usage. *Id.* Words are given their ordinary meaning. *Id.* Words defined in dictionaries and with meanings so

well-known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Id.*

## B. Application of Law to the Facts

The probate court concluded in paragraph 1 of its order that the decedent intended O'Brien to receive the 7.801-acre tract lying to the east of the fence Heider constructed in 2006. Heider does not contest this conclusion. However, he does contest the conclusion in paragraph 2 of the probate court's order that, "It was the intention of Rebecca Lynn Heider . . . that the real property bequeathed to Daniel Gary O'Brien . . . and the real property bequeathed to Kenneth Irwin Heider . . . pass clear of all liens securing an indebtedness on such real property to the extend [sic] that the assets of the Estate would allow."

Specifically, Heider contends sections 255.301 and 255.302 of the Estates Code require "that the property bequeathed to appellee should pass subject to the debt secured by said property." We agree.

Two provisions of the will are instructive of the decedent's intention. First, the section of the will that creates O'Brien's legacy states, "I give, devise and bequeath . . . the section of land in Farmersville east of existing North-South fence line (if not sold); to my son Daniel Gary O'Brien." That provision makes no statement as to how the debt secured by that real property is to be treated. Accordingly, we cannot conclude that this provision "specifically states" decedent's intention to convey the real property free and clear of debt secured by that real property. *See* TEX. EST. CODE ANN. §§ 255.301, 255.302.

Second, the portion of the will entitled "Payment of Expenses" states the following:

> I direct that all expenses of my last illness, my funeral expenses, and my just personal debts, including any inheritance taxes, transfer taxes, and estate taxes which may be levied by the United States government or by any state by reason of my death, shall be paid by my Independent Executor out of the residue of my estate as soon as conveniently may be done; *provided that my Independent Executor, in such Executor's sole discretion, may distribute from time to time any*

–6–

*real or personal property in my estate which at my death is subject to a lien securing an indebtedness upon it without discharging said indebtedness, if in my Independent Executor's judgment, the condition of my estate so requires. The distributee shall then be considered as having received my estate's equity in the property.*

(Emphasis added).

In the probate court, O'Brien argued the above provision referring to the exercise of discretion by the executor shows that, absent an exercise of discretion by the executor, the land must pass to him free of liens. However, we cannot agree. The above will provision does not "specifically state" an intention that O'Brien's legacy is to pass free of the lien securing the debt payable to First National Bank of Trenton. *See* TEX. EST. CODE ANN. § 255.302. Rather, it vests "sole discretion" in the executor to convey real property subject to a lien securing debt.

We further conclude the probate court erred when it determined in paragraph 2 of its order, "It was the intention of Rebecca Lynn Heider . . . that the real property bequeathed to Daniel Gary O'Brien . . . and the real property bequeathed to Kenneth Irwin Heider . . . pass clear of all liens securing an indebtedness on such real property to the extend [sic] that the assets of the Estate would allow."[3] As described above, neither the language of the will nor the clear language of sections 255.301 and 255.302, the governing statutes, support such a decision. We decide Heider's first two issues in his favor.

---

[3] Paragraphs 6 through 10 of the order give effect to this conclusion in paragraph 2 and are likewise erroneous.

## IV. CONCLUSION

In light of our decisions as to issues one and two, we need not address Heider's other issues. Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

/Douglas S. Lang/
DOUGLAS S. LANG
140436F.P05                                            JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN RE ESTATE OF REBECCA LYNN
HEIDER, DECEASED

No. 05-14-00436-CV

On Appeal from the Collin County Probate
Court, Collin County, Texas
Trial Court Cause No. PB1-1074-2010.
Opinion delivered by Justice Lang.  Justices
Evans and Whitehill participating.

In accordance with this Court's opinion of this date, the order of the trial court construing the will is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant, Kenneth Irwin Heider, recover his costs of this appeal from appellee, Daniel O'Brien.

Judgment entered this 6th day of June, 2016.