**Opinion issued February 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00041-CV

————————————

**JASPER LEE MCDANIEL, JR., ANDREW MCDANIEL, AND ESTATE OF FRANCES ANN MCDANIEL, Appellants**

**V.**

**MANDY GALE MEADOR, Appellee**

---

**On Appeal from County Court at Law No. 3 & Probate Court**
**Brazoria County, Texas**
**Trial Court Case No. PR37802A**

---

## MEMORANDUM OPINION

This appeal arises from a declaratory judgment action concerning a dispute

over the Last Will and Testament of the late Frances Ann McDaniel. In two issues,

Appellants, Jasper Lee McDaniel, Jr., Andrew McDaniel, and the Estate of Frances

Ann McDaniel, challenge the trial court's declaratory judgment in which the court determined that Frances's granddaughter, Mandy Gale Meador, is a beneficiary under the Will entitled to one-third of Frances's estate. Because we conclude that the trial court did not err in this determination, we affirm the judgment of the trial court.

## Background

Frances Ann McDaniel signed her Last Will and Testament ("the Will") on January 3, 2012. The Will's opening provisions reflect that Frances's husband had predeceased her and that she had three children: Jasper Lee McDaniel, Jr., James Arnold McDaniel, and Andrew Douglas McDaniel.

Frances died testate on April 3, 2017. Frances's sons, Jasper and Andrew, survived her. She was predeceased by her son, James, who died in May 2016. James's daughter and sole heir, Mandy Gale Meador, also survived Frances.

Following Frances's death, Jasper and Andrew claimed that Mandy was not a beneficiary under the Will's provisions. Mandy claimed that she was a beneficiary and filed a petition for declaratory judgment.

In the petition, Mandy requested the trial court to interpret the Will's provisions to determine who the beneficiaries were under the Will and to determine what share of the estate each beneficiary should receive. To support her

claim that she was a beneficiary, Mandy relied on the opening paragraph of the Will and the second paragraph, as follows:

> . . . I have three children whose names are JASPER "LEE" MCDANIEL, JR., JAMES ARNOLD MCDANIEL and ANDREW DOUGLAS MCDANIEL.
>
> FIRST: [Providing that various expenses and taxes first be paid out of Frances's estate.]
>
> SECOND: I give all the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wherever located, that I own or to which I shall be in any manner entitled at the time of my death (collectively referred to as my "residuary estate"), except those personal items already designated as gifts, but still remain in my home as follows:
>
> > (a) To those of my children (JASPER "LEE" MCDANIEL, JR., AND ANDREW DOUGLAS MCDANIEL) who survive me and to the issue who survive me of those of my children who shall not survive me, in equal shares *per stirpes*.
> >
> > (b) If no issue of mine survives me, I give my residuary estate to those who would take from me as if I were then to die-without a will, unmarried and the absolute owner of my residuary estate, and a resident of the State of Texas.

A trial was conducted to the bench on Mandy's petition for declaratory relief. Both sides agreed that the Will's provisions were unambiguous and that the construction of the Will was a question of law.

Mandy asserted that whether she was a beneficiary under the Will centered on the meaning of "children" referenced in Paragraph 2(a). She acknowledged that

3

the meaning of "children" in the phrase "[t]o those of my children (JASPER "LEE" MCDANIEL, JR., AND ANDREW DOUGLAS MCDANIEL) who survive me" was limited to Jasper and Andrew. But Mandy asserted that the second reference to children—in the phrase "to the issue who survive me of those of my children who shall not survive me"—was not modified or limited to exclude her deceased father, James. Thus, as James's issue, Mandy was a beneficiary under the Will.

Mandy further supported her position that the second reference to "children" included James by pointing out that James was identified in the opening paragraph of the Will as one of Frances's children and that the common law and statutory definitions of "children" would include James as Frances's child. Finally, Mandy asserted that "Paragraph 2B is further indication that [Frances] envisioned a situation where her children would not survive her and that she wanted the ability for her issue—her heirs, her grandchildren, [Mandy]—to inherit."

The attorney representing Appellants asserted that Frances wanted James to inherit nothing from her estate.[1] The attorney stated that Frances intended to leave her estate only to Jasper and to Andrew as indicated by the modification to the first instance of the term "children" in Paragraph 2(a). She averred that, because it had already been modified, it was not necessary to modify the term "children" the

---

[1] The attorney stated that she had drafted the Will. The Will named Jasper as the independent executor of the Will.

4

second time it appeared in the paragraph. The attorney said that the second part of the paragraph—stating "to the issue who survive me of those of my children who shall not survive me"—referred only to the issue of Jasper and Andrew, not to the issue of James. The attorney indicated that the second part of the paragraph only was applicable if Jasper, Andrew, or both predeceased Frances. She argued that, because both Jasper and Andrew were alive at the time of Frances's death, they inherited the whole estate, and the second part of Paragraph 2(a) was not triggered.

Mandy disagreed. She averred that Appellants were incorrect in claiming that "the same language is used in the second portion of [Paragraph 2(a)] as the first" because "the first term 'children' . . . is modified with parenthesis" while "the second term 'children' in that sentence is not modified with parenthesis." Mandy asserted that, if Frances "wanted to limit inheritance to Jasper and Andrew alone, [the first part of the paragraph] would have . . . ended right there, 'to those of my children who survive me,' period." Mandy continued, "[I]f [Frances] wanted to limit the issue of both Jasper—you know, the inheritance to the issue of both Jasper or Andrew, then she would have said 'If either one of these predecease me, then I leave it to the survivor of them or to their heirs at law.'" Mandy pointed out that "[t]he Court is not asked to determine what the testator intended to write. The Court is asked to interpret what is actually written or what the intent is based on what is actually written."

The trial court agreed with Mandy's interpretation of the Will. The court signed a declaratory judgment determining that Jasper, Andrew, and Mandy were beneficiaries under the Will and ordering that each is entitled to one-third of Frances's estate.

## Construction of the Will

Raising two issues, Appellants challenge the trial court's determination that Mandy is a beneficiary of the residuary estate under Paragraph 2(a) of the Will.

### A. Standard of Review

Absent ambiguity, the construction of a will is a matter of law. *In re Heider*, 496 S.W.3d 118, 122 (Tex. App.—Dallas 2016, no pet.); *see Hurley v. Moody Nat'l Bank of Galveston*, 98 S.W.3d 307, 310 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Ambiguity does not arise merely because the parties disagree on the will's interpretation or because of a simple lack of clarity. *Estate of Morgenroth*, No. 05-15-00777-CV, 2016 WL 4010053, at *3 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.). "[A] will is ambiguous only when the application of established rules of construction leave its terms susceptible to more than one reasonable meaning." *Steger v. Muenster Drilling Co., Inc.*, 134 S.W.3d 359, 373 (Tex. App.—Fort Worth 2003, pet. denied). Here, the parties agree, and so do we, that the Will is not ambiguous. Thus, the construction of the Will is a

matter of law, which we review de novo.  *See Heider*, 496 S.W.3d at 122; *Lemus v. Aguilar*, 491 S.W.3d 51, 56 (Tex. App.—San Antonio 2016, no pet.).

**B.     Analysis**

In their first issue, Appellants contend that, because Jasper and Andrew survived Frances, the Will designates only them as the beneficiaries of the residuary estate.  Appellants point to the language in Paragraph 2(a), which provides that the residuary estate is given "[t]o those of my children (JASPER "LEE" MCDANIEL, JR., AND ANDREW DOUGLAS MCDANIEL) who survive me and to the issue who survive me of those of my children who shall not survive me, in equal shares *per stirpes*."  They assert that, by concluding that Mandy is a beneficiary, the trial court improperly disregarded Frances's intent by ignoring the language in the parenthetical identifying only Jasper and Andrew as beneficiaries and by ignoring the omission of James's name.

Mandy counters that Appellants improperly disregard the second beneficiary clause of Paragraph 2(a), following the conjunction "and," which gives the residuary estate "to the issue who survive me of those of my children who shall not survive me."  Mandy contends, and the trial court determined, that Mandy is a beneficiary under this second beneficiary clause.  It is undisputed that Mandy is the daughter (the issue) and sole heir of James, Frances's non-surviving child.  However, Appellants argue that Mandy is not a beneficiary under the second

7

beneficiary clause because the parenthetical in the first beneficiary clause, naming only Jasper and Andrew as Frances's "children," also applies to limit the term "children" in the second beneficiary clause.

As she did in the trial court, Mandy disagrees. She contends that the parenthetical expressly limiting the term "children" in the first beneficiary clause to Jasper and Andrew does not apply to the second beneficiary clause under which she is a beneficiary. She asserts that, because it is not expressly limited, the term "children" in the second beneficiary clause includes not only Jasper and Andrew but also her father, James.

Our task is to determine whether the parenthetical modification to the term "children" in the first beneficiary clause, limiting the term to Jasper and Andrew, applies to the term "children" in the second beneficiary clause. If it does, then Mandy is not a beneficiary under the Will. If it does not, then the trial court properly determined that Mandy was a beneficiary along with Jasper and Andrew.

"The cardinal rule for construing a will is to ascertain the true intent of the [testatrix] as expressed in the will." *Morgenroth*, 2016 WL 4010053, at *3. The "objective in construing a will is to discern and effectuate the testatrix's intent as reflected in the instrument as a whole." *Hysaw v. Dawkins*, 483 S.W.3d 1, 7 (Tex. 2016). We ascertain the testatrix's intent from the language within the four corners of the will. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000).

8

Courts "determine intent by construing the instrument holistically and by harmonizing any apparent conflicts or inconsistencies in the language." *Hysaw*, 483 S.W.3d at 4; *see In re Estate of Florence*, 307 S.W.3d 887, 893 (Tex. App.—Fort Worth 2010, no pet.) ("If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent."). We must focus on the meaning of the words the testatrix actually used rather than speculate about what she may have intended to write. *See Lang*, 35 S.W.3d at 639.

With these rules of construction in mind, we consider Paragraph 2(a) in the context of other relevant provisions of the Will:

> I have three children whose names are JASPER "LEE" MCDANIEL, JR., JAMES ARNOLD MCDANIEL and ANDREW DOUGLAS MCDANIEL.
>
> . . . .
>
> SECOND: I give all the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wherever located, that I own or to which I shall be in any manner entitled at the time of my death (collectively referred to as my "residuary estate"), except those personal items already designated as gifts, but still remain in my home as follows:
>
> > (a) To those of my children (JASPER "LEE" MCDANIEL, JR., AND ANDREW DOUGLAS MCDANIEL) who survive me and to the issue who survive me of those of my children who shall not survive me, in equal shares *per stirpes*.

(b) If no issue of mine survives me, I give my residuary estate to those who would take from me as if I were then to die-without a will, unmarried and the absolute owner of my residuary estate, and a resident of the State of Texas.

When viewed holistically and harmonizing any apparent conflicts, we agree with Mandy that Frances did not intend to limit the term "children" to Jasper and Andrew in the second beneficiary clause. We presume that a testatrix places nothing superfluous or meaningless in her will and that she intended every word to play a part in the disposition of her property. *Lacis v. Lacis*, 355 S.W.3d 727, 733 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd w.o.j.). Frances defined who her children were in the opening provision of the Will, listing all three of her children: Jasper, James, and Andrew. *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997) ("[W]hen terms are defined in a [contract], those definitions control."). By way of the parenthetical, Frances, at most, expressed her intent that she did not want James to be a beneficiary should *he survive* her. However, that same limitation was not placed on the term "children" in the second beneficiary clause to indicate that Frances did not intend the term "children" to include James in accordance with the definition in the Will's opening paragraph. The Will contains no other indication that Frances intended to disinherit her granddaughter, Mandy, if James predeceased Frances.

10

We also note that terms are to be given their plain, ordinary, and generally accepted meanings unless the instrument itself shows them to have been used in a technical or different sense. *Steger*, 134 S.W.3d at 372. Even when given its ordinary meaning, the term "children" would also include James. And, under well-established rules of probate law, James would also be included as one of Frances's children. *See Busby v. Gray*, 616 S.W.2d 284, 287 (Tex. App.—San Antonio, 1981, writ ref'd n.r.e.) (recognizing that word "children" when used in a will encompasses descendants of the first degree). The only place in the Will indicating that the "children" was intended to have a meaning different than the meaning ascribed in the opening paragraph or under the common, ordinary definition is the first beneficiary clause.

Further, defining the term "children" in the second beneficiary clause to exclude James from that definition, and as a result exclude Mandy from being a beneficiary, would give rise to a potential conflict with Paragraph 2(b), which provides, "If *no issue of mine survives me*, I give my residuary estate to those who would take from me as if I were then to die-without a will . . . ." (Emphasis added.) Paragraph 2(b) makes no exception for Frances's issue descending through James.

"[A]pparent inconsistencies or contradictions must be harmonized, to the extent possible, by construing the document as a whole." *Hysaw*, 483 S.W.3d at

11

13; *see Lacis*, 355 S.W.3d at 733. "[A] latter clause in a will must be deemed to affirm, not to contradict, an earlier clause in the same will." *In re Estate of Slaughter*, 305 S.W.3d 804, 812 (Tex. App.—Texarkana 2010, no pet.) (citing *Steger*, 134 S.W.3d at 372). Thus, we read Paragraph 2(b) to affirm that Frances intended Mandy to be a beneficiary if she survived Frances.

In their second issue, Appellants criticize the trial court for finding that "absent an express statement to disinherit her granddaughter, Mandy Gale Meador, it was [Frances's] intent to include her in the bequest." They assert that Texas law does not require "an express statement to remove [Mandy's] inheritance rights." Regardless of the propriety of this assertion, under the facts of this case, a clear statement of disinheritance would be necessary, given that Frances chose language in her Will indicating that she intended for her granddaughter to be a beneficiary.

After considering the language of Frances's Will and applying the established rules of construction, we conclude that Mandy, along with Jasper and Andrew, were beneficiaries of Frances's residuary estate. We hold that the trial court did not err in also reaching this conclusion.

We overrule Appellants' two issues.

**Conclusion**

We affirm the judgment of the trial court.

                                                                          Laura Carter Higley
                                                                          Justice

Panel consists of Justices Keyes, Higley, and Landau.